IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin Andreal Light, | ) | C. A. No. 2:06-2322-TLW-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Phillip C. Anderson, Major at | ) | |
| Greenwood County Detention | ) | |
| Center; and Joyce Kirk, Nurse | ) | |
| at Greenwood County Detention | ) | |
| Center, | ) | |
| | ) | |
| Defendants. | ) | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a former pre-trial detainee now a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

recommendation on plaintiff's[2] and defendants' motions for
summary judgment.  28 U.S.C. § 636(b).

The plaintiff, Kevin A. Light, sued Major Phillip Anderson,
and Nurse Joyce Kirk, both of the Greenwood County Detention
Center (GCDC), on August 18, 2006, and alleged that he was not
provided constitutionally guaranteed medical care for a rash or
dry skin while he was a pre-trial detainee at the Greenwood
County Detention Center and that he was charged a dollar for
medicine.  He seeks a court order that he receive proper medical
treatment while he is at the GCDC, that the court have the
defendants' employment terminated so that neither he nor others
at the GCDC can be made to suffer pain and suffering again[3], and
a half a million dollars in damages.

The defendants filed motions for summary judgment on
November 30, 2006, and on December 7, 2006.  On December 5, 2006,
and December 8, 2006, Light was provided copies of the motions
and was given an explanation of dismissal and summary judgment
procedure as well as pertinent extracts from Rules 12 and 56 of

---

[2] On March 2, 2007, the plaintiff filed a pleading captioned
"Request for Jury Trial" which the Clerk of Court has
characterized as a response to the motion for summary judgment.
It appears, however, that the pleading may also be considered a
cross motion for summary judgment.  (See Docket Nos. 24 & 25).

[3] Plaintiff is no longer detained at the GCDC so his prayers
for injunctive relief are moot. Williams v. Griffin, 954 F.2d
820,825 (4th Cir. 1991).  Further, Plaintiff has no standing to
seek relief for other detainees.  Allen v. Wright, 468 U.S. 737
(1984).

the Federal Rules of Civil Procedure similar to that required by
Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  Light filed
a summary judgment motion on March 2, 2007, and opposed the
defendants' motions on March 27, 2007.  Hence, it appears
consideration of the motions is appropriate.

### SUMMARY JUDGMENT STANDARD

Pursuant to Fed.R.Civ.P. 56(c), a district court must enter
judgment against a party who, "after adequate time for discovery
... fails to make a showing sufficient to establish the existence
of an element essential to that party's case, and on which that
party will bear the burden of proof at trial."  Celotex Corp. v.
Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Where
"there is no genuine issue as to any material fact and ... the
moving party is entitled to judgment as a matter of law," entry
of summary judgment is mandated.  Fed.R.Civ.P. 56(c).  To avoid
summary judgment on defendants' motion, a plaintiff must produce
evidence creating a genuine issue of material fact.  "The mere
existence of a scintilla of evidence in support of the
plaintiff's position will be insufficient; there must be
evidence on which the jury could reasonably find for the
plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252,
106 S.Ct. 2505, 2512 (1986).  In determining whether a genuine
issue of material fact is in dispute, "[t]he evidence of the
nonmovant is to be believed, and all justifiable inferences are

3

to be drawn in his favor." Anderson, Id. at 255, 106 S.Ct. at 2513-14.

## STANDARD OF REVIEW FOR MEDICAL CLAIMS

To establish a due process violation[4], Plaintiff must show that the GCDC officials acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee. The plaintiff's claim here fails for numerous reasons.

First, the plaintiff has not shown that he was deprived of an objectively serious medical need. Where there is no "serious medical need" there can be no constitutional violation for inadequate medical treatment. Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)). The "serious need" standard contemplates "a condition of urgency" that may result in "degeneration" or

---

[4] While a claim of deliberate indifference to serious medical needs normally arises under the Eighth Amendment's cruel and unusual punishments clause, Plaintiff's claim is analyzed under the due process clause because he was a pretrial detainee and thus not subject to punishment of any kind. This distinction is of no import, however, because the inquiry as to whether officials were deliberately indifferent to serious medical needs is the same under both the due process clause of the Fourteenth Amendment and the cruel and unusual punishments clause of the Eighth Amendment. See, e.g., Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988).

"extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

Second, the plaintiff has not demonstrated that the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991). Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994) and cases interpreting Farmer, make clear that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate. See, Farmer, 511 U.S. at 837, 114 S.Ct. at 1978-79; Rich v. Bruce, 129 F.3d 336, 340 (4th Cir. 1997) (stating that "Farmer makes clear that the defendant official ... must actually have drawn the inference"). A prison official is not liable if he "knew the underlying facts but believed, albeit unsoundly, that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844, 114 S.Ct. at 1982.

To meet that burden the plaintiff must show acts or omissions evidencing a sufficiently culpable state of mind to rise to the level of deliberate indifference. A showing of mere negligence will not suffice. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). Likewise, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient

5

is right he or she might have a common law, not a constitutional,

claim for medical malpractice." Estelle v. Gamble, 429 U.S. at

106 ("Medical malpractice does not become a constitutional

violation merely because the victim is a prisoner.").

Additionally, jails are allowed to impose co-payments for

medical services. See, e.g., Bailey v. Carter, 15 Fed. Appx. 245

(6th Cir. 2001)(requiring an inmate to make a $3.00 co-pay for

medical treatment does not violate the eighth or fourteenth

amendments.)

Lastly, supervisory officials are entitled to rely on the

medical judgments made by jail medical personnel, Miltier v.

Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990), and questions of

medical judgment are not subject to judicial scrutiny. Russell

v. Scheffer, 528 F.2d 318 (4th Cir. 1975).

## FACTS RELATING TO MEDICAL CARE FOR A RASH

All records related to the plaintiff and his medical

treatment and his complaints as well as the sworn affidavits of

Nurse Kirk and Major Anderson have been made part of the record

here.  This undisputed evidence reveals the following.

Plaintiff received a plethora of medical attention during

his stay at the GCDC for various complaints by various members of

the medical staff.  Kirk's affidavit indicates that she

personally evaluated and treated Plaintiff for his rash on May

29, June 3, June 23, and August 26, 2006.  At all other times

6

referenced in the medical records, Plaintiff was evaluated or treated by other medical personnel not defendants here.  There are no allegations or evidence that Kirk refused to see or evaluate Plaintiff at any time.  Since Kirk is a licensed practical nurse, she cannot and did not prescribe or discontinue prescription medications for Plaintiff without a physician's order.  Medication decisions were made by a jail doctor, and there is no allegation or proof that Kirk refused to follow a physician's order.

Kirk affied that she responded to the plaintiff's medical needs in a timely manner within the accepted standards of nursing practice; she was never deliberately indifferent to a serious medical need of the plaintiff.  There is no evidence that Major Kirk was ever deliberately indifferent to a serious medical need of the plaintiff and he denied the same by affidavit.

## DISCUSSION

A review of the record and relevant case law indicates that the defendants' motions should be granted and this matter ended for several reasons.

First, the fact that Plaintiff was charged a dollar for the medicine does not state a constitutionally violation.  Bailey v. Carter, 15 Fed. Appx. 245 (6th Cir. 2001).

Second, Major Anderson personally met with the plaintiff within hours of Plaintiff's submission of a grievance.  He denied

7

Plaintiff's request to have his family bring him body oil, but that without more does not offend the constitution.

Third, Plaintiff alleges that the defendants denied him medication and treatment for a skin rash. However, the medical records show that he was seen repeatedly by the medical staff at the GCDC, provided medicine multiple times and instructed on how to use the medicine. While the treatment was apparently not as prompt as the plaintiff wished, the cause of the rash was not consistently diagnosed, and plaintiff was not sent to a medical specialist outside the GCDC for his rash as he wanted, that simply does not constitute deliberate indifference to a serious medical need. The provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. See, Brown v. Thompson, 868 F.Supp. 326 & n. 2 (S.D.Ga. 1994); Hoffman v. Tuten, 446 F.Supp.2d 455, 471 (D.S.C. 2006); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."). Indeed, the fact that the plaintiff was treated, defeats a claim of deliberate indifference. Lamb v. Maschner, 633 F.Supp. 351 (D. Kan. 1986).

Plaintiff's allegations do not state a claim sufficient to establish that he had a serious medical need or that the

8

defendants were deliberately indifferent to that need.   "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990).  The facts of this case do not come close to that standard.  In fact, it appears Plaintiff received all the treatment he was entitled to receive and more.

Fourth, Plaintiff's complaint may also be interpreted as an action for negligent or incorrect medical treatment.  However, negligence, in general, is not a cognizable cause of action under 42 U.S.C. § 1983.  See, Estelle v. Gamble, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983); Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Section 1983 also does not impose liability for violations of duties of care arising under state law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

Fifth, although claims of negligence and medical malpractice are actionable under South Carolina law, it appears that this court has no jurisdiction to entertain such a claim absent

9

diversity or pendant jurisdiction.  The diversity statute, 28

U.S.C. § 1332(a), requires complete diversity of parties and an

amount in controversy in excess of seventy-five thousand dollars

($75,000.00).  28 U.S.C. § 1332.  Complete diversity requires

that no party on one side may be a citizen of the same state as

any party on the other side.  Owen Equipment & Erection Co. v.

Kroger, 437 U.S. 365, 372-374, 98 S.Ct. 2396, 57 L.Ed.2d 274

(1978).  Here, the Plaintiff and both defendants are residents of

the State of South Carolina, and complete diversity of parties

is, therefore, lacking.

In regards to pendant jurisdiction, Federal courts may hear

and decide state-law claims along with federal-law claims under

"supplemental jurisdiction", Wisconsin Dep't of Corrections v.

Schact, 524 U.S. 381, 387, 118 S.Ct. 2047, 141 L.Ed.2d 364

(1998).  However, since Plaintiff's Fourteenth Amendment claim of

medical indifference is subject to judgment as a matter of law,

the court should decline to exercise supplemental jurisdiction

over any state law claim(s) which may be found in the Plaintiff's

§ 1983 action.  See, 28 U.S.C. § 1367(c)(3).

Finally, § 804 of the PLRA, amended § 1915(g), and reads as

follows:

> In no event shall a prisoner bring a civil action
> or appeal a judgment in a civil action or
> proceeding under this  section if the prisoner
> has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought
> an action or appeal in a court of the United

> States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the
> prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  The instant action is wholly meritless and

should be considered frivolous and malicious within the

meaning of the Prison Litigation Reform Act and counted as a

"strike" against Light thereunder.  28 U.S.C. § 1915A.

### CONCLUSION

Accordingly, Light, as the party opposing summary judgment,

has failed to point to facts evidencing a genuine material issue

for trial.  Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986).  Summary

judgment should be granted and that the action be deemed a

"strike" against Light under 28 U.S.C. § 1915A.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

April 2, 2007

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).